**SAYLE, Estate of, In Re; SAYLE, Appellants, v SAYLE, Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20942. Decided February 16, 1948.

Stage, Butler & Barry, Cleveland, for appellants.
Miller & Hornbeck, Cleveland, for Administratrix Appellee.
Benesch, Friedlander & Morris, Cleveland, for Florence McDonald Sayle, appellee.
Donald W. Hornbeck, Alfred A. Benesch, Joseph M. Murphy and John H. Ritter, Cleveland, of counsel.

## OPINION

By SKEEL, J.

This appeal comes to this court on questions of law from a final order of the Probate Court of Cuyahoga County dismissing a motion of appellants to remove the administratrix

on the ground that she is not the surviving spouse of the decedent; the probate court holding that the appellants had not sustained "the burden of establishing that a decree of divorce entered in the case of Dr. John R. Miller v Florence M. Miller in Washoe County, Nevada, on November 4, 1927, was invalid and void because the court was without jurisdiction of the parties in such action." The case came before the Probate Court on a motion to remove Florence McDonald Sayle as administratrix, filed by Walter D. Sayle II, and David B. Sayle, sons of Walter C. Sayle, decedent, by a former marriage.

The record in the case, the briefs and oral arguments of counsel present a controversy dealing exclusively with the question of whether the former husband of the administratrix, Dr. John J. Miller, had acquired a bone fide domicile in the State of Nevada, at the time he filed a petition for divorce. There is no controversy but that in the year 1927 Dr. John J. Miller filed a petition for divorce in Washoe County, Nevada and was within the time provided by law of that state upon hearing in a court having jurisdiction to try such cause, granted a divorce.

We have examined the record with a great deal of care and find that there is evidence tending to establish that Dr. Miller and his wife were experiencing considerable matrimonial difficulty which resulted in a separation during 1926. In the early part of 1927 Dr. Miller filed a petition for divorce in Lorain County to which his wife, after taking leave to plead, filed an answer and cross-petition seeking separate maintenance and support, but no service ever had upon Dr. Miller upon such cross-petition. The plaintiff's petition in this proceeding was dismissed a short time after Dr. Miller left Ohio. The administratrix then known as Mrs. Miller, also was, at or about that time, reemployed by General Electric Company and assigned to the same department where Dr. Miller was employed. Thereupon Dr. Miller quit his employment, the evidence of one of the officials of the company being to the effect that Dr. Miller told him "he was clearing out" and "he just wanted to forget Ohio."

Another witness called by the appellant testified in part that "* * * it became aggravated until he (Miller) couldn't stand it any longer, and he just dropped everything and left". It was this witness who also testified that Dr. Miller (before he left Cleveland) made arrangements to dispose of his dental equipment.

The date of Dr. Miller's separation from his employment was on or about March 1, 1927. There is no direct evidence

in the record as to his actual whereabouts from that date until about December 12, 1927 when he returned to his home in Elyria. ·

The same witness to whom Dr. Miller agreed to dispose of his dental equipment, in answer to a question as to his personal knowledge as to why Dr. Miller returned from the west, said: "As I recall it, it was sickness in his parents' family, something of a serious nature, serious enough for that. I don't recall the nature of the illness."

Any conclusions reached as to Dr. Miller's conduct and activities after he left Cleveland, can be determined only by an examination of the pleadings, records, orders and finding of the Second Judicial District Court of the State of Nevada located in Washoe County.

This record indicates that Dr. John J. Miller filed his action for divorce in said District Court on July 22, 1927, listing fifteen grounds for divorce. The law in effect in Nevada at that time required a domicile and bona fide residence for at least three months immediately preceding the filing of the complaint.

The record indicates that Dr. Miller was at the time of the hearing of this proceeding in the Probate Court of Cuyahoga County, available to testify, as he was then residing in an adjoining county; about ten years after his return to Cleveland he remarried and two children have been born of this second marriage. The record also discloses that the administratrix married the decedent some thirteen years after the Nevada decree. The record indicates that counsel knew of the whereabouts of Dr. Miller and that Dr. Miller was in Cleveland and counsel talked with him personally. ·

We are impressed with the fact that the one person who could testify from his own personal knowledge with respect to what happened and his course of conduct after he left Cleveland was Dr. Miller himself. He was not called upon to give his testimony. This failure to call such a material witness is attempted to be explained on the ground that Dr. Miller could not be expected to admit that he committed fraud on the Nevada court. But no litigant can excuse the failure to call a necessary witness on the ground that such witness would not tell the truth while under oath. The court trying the proceeding could draw such conclusions as under the circumstances the failure to call such witness would justify.

The appellants in seeking to reverse the order of the Probate Court overruling their motion to remove the adminis-

tratrix on the ground that she is not the surviving spouse of the decedent, rely for the most part upon the following cases:

Williams v North Carolina 325 U. S. 226; Bell v Bell 181 U. S. 175; Streitwolf v Streitwolf 181 U. S. 179; Andrews v Andrews 188 U. S. 14; Haddock v Haddock 210 U. S. 562; and Ohio Cases: **Van Fossen v Van Fossen, 37 Oh St 317; Bobalo v Bobalo, 68 Oh Ap 63; Smith v Smith, 72 Oh Ap 203; Smerda v Smerda, 35 OO 472, 48 Abs 232.**

We have carefully examined these and other authorities dealing with the subject of challenging collaterally the verity of a decree of divorce in a sister state on the ground that such court did not obtain jurisdiction of the parties. In all of these cases the conduct of the parties relied upon to establish the failure to obtain jurisdiction is contained in the report of the case.

In the case now before us, the record is entirely silent as to what Dr. Miller did, where he went and all of the other circumstances attending his conduct after his departure from Ohio, except such as is found in the record of the court in Nevada where the court by its journal entry found that it had obtained jurisdiction of the parties which of necessity was a finding that Dr. Miller had been legally domiciled in that state, the requisite length of time as required by the law of Nevada.

The burden of undermining the verity of the decree of divorce in the Nevada court rests heavily upon the appellants. Williams v North Carolina, supra. The probate judge, after careful consideration of all of the evidence, concluded that the appellants had not sustained this burden.

After due consideration of the record we cannot say that his conclusion is manifestly against the weight of the evidence. There being no other errors apparent on the face of the record the judgment is affirmed. Exc. O. S. J.

HURD, PJ, MORGAN, J, concur.